## A. R. HAY *v.* W. G. HUNTER.

**Conveyance of Real Estate—Grantee Must Rely on His Warranty When Grantor Is Neither a Non-Resident nor Insolvent.**

One who has accepted the conveyance of real estate, in the absence of fraud and where the grantor is neither a non-resident nor insolvent, must rely on his warranty and cannot resist the payment of a note given for such conveyance even if the wife of the grantor has not relinquished her dower.

### APPEAL FROM CLINTON CIRCUIT COURT.

October 27, 1876.

OPINION BY JUDGE LINDSAY:

Hay, having accepted the conveyance of Mayo, must rely on the warranty therein contained, and he cannot resist the payment of the note sued on, even if Mrs. Mayo had not relinquished her right to dower, without showing that Mayo was insolvent or a non-resident.

But the conveyance shows that Mrs. Mayo did relinquish her right to dower, and the recollection of the clerk on that subject cannot be allowed to override his official certificate.

There was no order of survey in the case. The witnesses evidently know little or nothing about the exact location of the boundary lines of the tract of land sold by Mayo to Hall. The court could not determine from their evidence that the twenty-five acres mentioned by Hall as having been shown to him by Mayo as part of the tract, are outside of the real boundaries. The agreement between Lane & Dalton cannot prejudice Hay, even if it can be upheld. He gets in value as much land from Lane as she gets from him.

. The other defect complained of is too insignificant to be taken into consideration in a contract in which a variation of two or three acres was evidently contemplated by the parties.

Judgment *affirmed.*

*James E. Hays, for appellant.    J. A. Brents, for appellee.*